UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | No. 3:06-CR-108 |
| V. | ) | (JORDAN/SHIRLEY) |
| | ) | |
| | ) | |
| TOMMIE DONDI WARNER, | ) | |
| CHARLESENA WARNER, | ) | |
| GREGORY W. FLACK, and | ) | |
| DONALD FLACK, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court on October 2, 2006, for consideration of Defendant Tommie Warner's Motion To Continue Trial Date [Doc. 57], filed on October 2, 2006. Assistant United States Attorney Brownlow Marsh was present representing the government. Attorney Greg Isaacs was present representing Defendant Tommie Warner; Attorney Kim Tollison was present, on behalf of Attorney Paula Voss, representing Defendant Charlesena Warner; Attorney Jonathan Wood was present representing Defendant Gregory Flack; and Attorney Scott Green was present representing Defendant Donald Flack. Defendant Gregory Flack was the only Defendant present at the hearing.

In support of Defendant Warner's motion [Doc. 57], Mr. Isaacs stated that he needed additional time in which to complete the consummation of plea negotiations which have been agreed upon but not reduced to writing and signed and, failing that, sought to have all pending motions

1

ruled on and to prepare for trial. Counsel for the government had no objections to the requested continuance, nor did the CoDefendants. However, because Defendant Gregory Flack was the only Defendant present at the hearing, the Court instructed counsel for Defendants Tommie Warner, Charlesena Warner and Donald Flack to submit affidavits setting forth Defendants' consent to a continuance.

The Court finds that Defendant Warner's Motion To Continue Trial Date [Doc. 57] is well taken, and it is **GRANTED**. The trial of this case was set for October 23, 2006. Counsel for all parties agreed and the Court finds that the ends of justice served by granting the motion outweigh the best interests of the public and Defendants in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Court finds that the failure to grant a continuance would deprive the parties of adequate time to effectively prepare for trial and/or to engage in and/or consummate plea negotiations and, failing that, to have all pending motions ruled on. 18 U.S.C. § 3161(h)(1)(F), -(J). The Court further finds that the failure to grant a continuance in this case would result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(8)(B)(ii). In light of these findings and its granting of the motion, the Court set a new trial date of **December 18, 2006**, and set a new pretrial conference for **December 4, 2006 at 10:30 a.m.** The Court also finds that the period of time between the filing of Defendant Warner's October 2, 2006, motion and the new trial date of December 18, 2006, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.

Accordingly it is **ORDERED:**

(1) Defendant Tommie Warner's Motion To Continue Trial Date [Doc. 57] is **GRANTED;**

(2) Defendants Tommie Warner, Charlesena Warner and Donald Flack are each to submit an affidavit setting forth their consent to the continuance of the trial in this matter;

2

(3) The trial of this matter is reset to commence on **December 18, 2006 at 9:00 a.m.** before the Honorable Leon Jordan, United States District Judge;

(4) All time between the filing of Defendant Warner's **October 2, 2006** motion, and the new trial date of **December 18, 2006**, is fully excludable time under the Speedy Trial Act for the reasons set forth above; and

(5) A pretrial conference is scheduled for **December 4, 2006 at 10:30 a.m.** before the undersigned.

**IT IS SO ORDERED.**

ENTER:

_s/ C. Clifford Shirley, Jr._
United States Magistrate Judge